UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                               Cr. No. 08-20139
                                             (also being filed in 08-20140)

D-1 Joseph Eberle,                       Honorable Sean Cox

    Defendant.
_____/

## ORDER FOLLOWING HEARING
## TO RESOLVE POSSIBLE CONFLICT OF INTEREST

On April 4, 2008, the Government filed a "Motion for Hearing to Resolve Possible Conflict of Interest and Accompanying Memorandum of Law." (Docket Entry No. 10). In that motion, the Government expressed concern that attorney Richard Convertino ("Convertino"), who represents Defendant Joseph Eberle ("Eberle") in this action, may have previously represented two individuals who may be called to testify at trial in this matter, Joseph Brodeur ("Brodeur") and Aaron Hendricks ("Hendricks"). The Government raised the issue that Convertino's former representation of those individuals may pose a potential conflict of interest in this case, and requested that the Court set a hearing to determine whether there is a potential or actual conflict of interest as a result of Convertino's prior representation of Brodeur and Hendricks.

The Court held hearings on the motion on April 25, 2008, and May 21, 2008. During those hearings, the Court explored the potential conflicts of interest with the parties. All parties agreed that the Court should follow the procedures set forth in the following cases: *United States v. Iorizzo,* 786 F.2d 52 (2d Cir. 1986); *United States v. Curico*, 680 F.2d 881 (2d Cir. 1982); and

*United States v. Swafford*, 512 F.3d 833 (6th Cir. 2008).

The Court heard testimony from Brodeur, who is a licensed attorney in Michigan, and Brodeur testified that while he had conversations with Convertino, he had no attorney-client relationship with Convertino at any time. Thus, this Court found that there was no attorney-client privilege for Brodeur to waive.

The Court also heard testimony from Hendricks, on both April 25, 2008, and again on May 21, 2008. Hendricks was represented by independent counsel at both hearings. After this Court heard Hendricks' testimony regarding his relationship with Convertino, the Court asked Hendricks whether he wished to waive any attorney-client privilege he had with Convertino. The Court advised Hendricks of the risks of doing so, and advised Hendricks to take some time to consider the issue and consult with independent counsel before answering the question. Hendricks indicated at the April 25, 2008 hearing, and confirmed again on the record on May 21, 2008, that he wished to waive any attorney-client privilege that he has with Convertino. The Court found that this waiver was knowing, voluntary and informed.

The Court then addressed the possible conflict of interest issue with Eberle. Eberle indicated that he fully understood the issue, had an opportunity to consult with outside counsel on the issue, and had no questions for the Court. Eberle indicated on the record that to the extent any potential conflict of interest still exists, he wishes to waive his right to conflict-free representation.

Accordingly, IT IS ORDERED that the Court hereby finds that a conflict of interest does not currently exist in this matter as a result of Convertino's prior representation of Brodeur and Hendricks. Moreover, to the extent that any possible potential conflict of interest still exists following the testimony of Brodeur and the waiver by Hendricks, the Court finds that Eberle has

made a knowing, voluntary and informed waiver of his right to conflict-free representation under the Sixth Amendment. Thus, Convertino may continue to represent Eberle in this matter.

IT IS SO ORDERED.

The Court further notes that while the Government has not raised any issue with respect to Convertino's representation of Eberle in this matter, while at the same time representing Defendant Shawn Hoy in a separate but related criminal action (CR. 08-20140), the Court raised concerns regarding a possible conflict of interest. Both the Government and Convertino responded that they do not see a reasonable possibility of a potential conflict of interest because, among other things, the actions have very distinct facts and it is not anticipated that Eberle will or could be called as a witness in the case against Hoy and vice versa. Given those representations, the Court does not believe that a conflict of interest exists at this time. The Court instructed the parties, however, that if the circumstances change such that a potential conflict appears to exist, they should bring the matter to the Court's attention immediately.

> S/Sean F. Cox
> Sean F. Cox
> United States District Judge

Dated: May 23, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 23, 2008, by electronic and/or ordinary mail.

> S/Jennifer Hernandez
> Case Manager